OPINION
On April 29, 1993, appellant, Dennis E. Wantz, pleaded guilty in the Geauga County Court of Common Pleas to one count of rape of a person under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b). On June 17, 1993, the trial court sentenced him to an indefinite term of eight to twenty-five years of incarceration.
On January 11, 1999, a hearing was held, pursuant to the recommendation of the Department of Corrections, to determine whether appellant should be adjudicated a sexual predator under R.C. 2950.09(C) ("Megan's Law").
At the hearing, the prosecution called no witnesses and, instead, submitted as evidence: the Geauga County Sheriff's report of the investigation of the crime; the presentencing investigation; a report from the Bedford Police Department and judgment of conviction regarding appellant's 1989 conviction for gross sexual imposition, involving his ten-year-old niece; and, a sexual aggression assessment prepared as a result of a psychiatric assessment. Appellant and a pastor who had worked with appellant testified on his behalf. He also presented evidence of his good behavior in prison and his participation in a sexual offender program.
The evidence submitted by the prosecution reveals that appellant served a one-year sentence for his 1989 gross sexual imposition conviction. After his release from prison, he joined the Faith Baptist Church, in Novelty, Ohio, and served the church as the youth group coordinator. The current case involves sexual contact with a six-year-old girl whom he met through his work as the youth group coordinator. In the opinion of the psychiatrist who prepared the sexual aggression assessment, appellant presented a high risk for repeat sexual offending.
On January 12, 1999, the trial court determined that it found, by clear and convincing evidence, that appellant was a sexual predator pursuant to R.C. 2950.09(C). Appellant assigns the following assignments of error:
 "[1.] The trial court erred in denying the appellant's motion to dismiss the sexual predator hearing because the registration required by the sexual predator statute violates the offender's rights guaranteed by Section 1, Article 1 of the Ohio Constitution.
 "[2.] The trial court erred by applying H.B. 180 because H.B. 180 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.
 "[3.] H.B. 180 violates equal protection, guaranteed by the Fourteenth Amendment of the United States Constitution, and due process, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
 "[4.] The trial court erred by denying appellant's motion to dismiss, because H.B. 180 is void for vagueness since it compels the court to make a preponderance determination based on clear and convincing evidence.
 "[5.] The trial court erred by denying appellant's motion to dismiss, because H.B. 180 is an unconstitutional bill of attainder.
 "[6.] The trial court erred in denying appellant's motion to dismiss because H.B. 180 constitutes double jeopardy, in violation of the Fifth Amendment of the United States Constitution and Art. 1, Sec. 10 of the Ohio Constitution.
 "[7.] The trial court erred by denying appellant's motion to dismiss because H.B. 180 is an unconstitutional ex post facto
provision under the United States Constitution, and is retroactively applied in violation of the Ohio Constitution.
 "[8.] The trial court's finding that the appellant is a sexual predator is against the manifest weight of the evidence."
In his first seven assignments of error, appellant asserts that Ohio's sexual predator statute is unconstitutional, pursuant to our decision inState v. Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported. With regard to appellant's constitutional arguments, each of these arguments has been considered and rejected by the Supreme Court of Ohio. See State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342; Statev. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
Appellant's first assignment of error is without merit. The Supreme Court of Ohio held, in Williams, that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution.
Appellant's second and third assignments of error are without merit. InWilliams, the Supreme Court of Ohio found the same equal protection arguments unpersuasive.
Appellant's fourth assignment of error is without merit. In Williams, the Supreme Court of Ohio held that R.C. Chapter 2950 was not void for vagueness.
Appellant's fifth assignment of error is without merit. In Williams, the Supreme Court of Ohio held that the Bill of Attainder Clause was not violated by R.C. Chapter 2950.
Appellant's sixth assignment of error is without merit. In Williams, the Supreme Court of Ohio held that, since R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions.
Appellant's seventh assignment of error is without merit. In Cook, the Supreme Court of Ohio held that R.C. Chapter 2950 is not a violation of either the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution.
In his eighth assignment, appellant asserts the trial court erred by labeling him a sexual predator against the manifest weight of the evidence.
R.C 2950.01(E) defines "sexual predator" as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
In making that determination, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
In the current case, although some of the relevant factors appear to be present, nothing in the record indicates that the trial court considered any of the factors in making its determination. It merely indicated that it found from clear and convincing evidence that appellant was a sexual predator. "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook,83 Ohio St.3d at 426. Even though, pursuant to Cook, the trial court was not required to list all of the relevant factors, we simply do not know what evidence or submissions were relied upon by the court. None of the factors listed in the statute were addressed. We are unable to determine from the record that clear and convincing evidence supported labeling appellant a sexual predator.
We analyze this case in a matter analogous to previous analysis of the felony sentencing provisions of R.C. 2929.12 and 2929.14. See State v.Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported, affirmed (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, and State v. Kase
(Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported. Those cases hold that, before imposing a maximum sentence or consecutive sentences, a trial court must, in its judgment entry or on the record, identify specific operative facts to indicate that it addressed the relevant statutory factors. The sexual predator statute does not require that a trial court identify the specific operative facts underlying its determination, as does the felony sentencing statute. However, we would suggest for purposes of appellate review that it would be better practice for the trial court to utilize some sort of statutory worksheet or checklist to specify its findings in relation to each of the listed statutory factors when completing its judgment entry. Appellant's eighth assignment of error has merit.
We reverse the judgment of the trial court and remand for the trial court to consider the relevant factors set forth in R.C. 2950.09(B)(2).
 ______________________________ NADER, J.
FORD, P.J., CHRISTLEY, J., concur.